NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SEAN C. KIELTY, | Civil Action No.: 08-CV-147(FLW) |
| Plaintiff, | |
| v. | **OPINION** |
| JOYCE H. CADY | |
| Defendant. | |

**WOLFSON**, **United States District Judge:**

Presently before the Court is the motion of Defendant, the United States, to dismiss a defamation claim brought by pro se Plaintiff, Sean Kielty. Because Plaintiff's claim is not cognizable under the Federal Tort Claim Act ("FTCA"), 28 U.S.C. 1346, Plaintiff's claim is dismissed.

**I. Factual Background and Procedural History**

Because the FTCA does not permit Plaintiff to bring a defamation claim against Defendant, the United States, only a brief statement of the facts is necessary.

Plaintiff, who had served in the United States Airforce for eleven years, received a Letter of Reprimand ("LOR") from Joyce H. Cady, a superior officer, on June 13, 2005. Complaint, Notice of Removal and Substitution ("Notice"), Exhibit 1. Plaintiff claims that the LOR, which triggered the establishment of an Unfavorable Information File ("UIF") for Plaintiff, was defamatory. Id. As a result of the defamation and "because of the LOR and UIF established by defendant upon defamatory [sic], plaintiff cannot feasibly serve beyond his current service

1

commitment of 8 July 07," even though Plaintiff "had intended to continue to serve for 10 more years." Id.

Plaintiff filed a complaint against Cady in the Superior Court of New Jersey, Law Division, Hunterdon County, on August 16, 2007. Id. Pursuant to 28 U.S.C. § 2679(d), the United States was substituted for Cady, and the case was removed to this Court. Id. at ¶¶ 1-7. Defendant moved to dismiss Plaintiff's claim on January 10, 2008, and Plaintiff has failed to oppose the motion.

## II. Analysis

Plaintiff brought a similar defamation claim against another superior officer in Kielty v. Ali, Docket No. 07-5719, 2008 WL 2783340 (D.N.J. July 16, 2008), which was dismissed for reasons that are equally applicable to the case at bar. Thus, the Court will refer to Judge Cooper's analysis in Kielty v. Ali throughout this Opinion.

"The Federal Employees Liability Reform and Tort Compensation Act ('the Westfall Act') confers absolute immunity on federal employees for torts committed within the scope of their employment by making an FTCA action against the United States the exclusive remedy for such torts." Kielty, 2008 WL at *2 (citing 28 U.S.C. § 2679(b)(1) and United States v. Smith, 499 U.S. 160, 163-64) (emphasis added). Susan Steele, an Assistant United States Attorney, has certified that Cady was acting within the scope of her employment when she engaged in the allegedly defamatory conduct at issue in the case at bar. Notice, Exhibit 2. This scope certification "conclusively establish[es] scope of office or employment for purposes of removal," 28 U.S.C. 2679(d)(2), and thus removal to this Court was proper. Although, subsequent to removal, "the scope certification as to the right to substitute the United States as defendant is . . . subject to judicial review," Kielty, 2008 WL at *3 (citing Osborn v. Haley, 127 S. Ct. 881, 894),

Plaintiff has plead no facts that indicate that Cady was not acting within the scope of her employment when she issued that allegedly defamatory LOR at issue. Thus, Plaintiff's claim was properly removed and the United States has properly been substituted as the Defendant in Plaintiff's defamation claim.

As a defamation claim against the United States, Plaintiff's claim is only cognizable insofar as it is consistent with the United States' waiver of sovereign immunity in the FTCA. However, the FTCA does not waive sovereign immunity with respect to "[a]ny claim arising out of . . . libel, slander, . . . ." 28 U.S.C. § 2680(h). The Third Circuit has made clear that this language applies to defamation suits: "The Federal Tort Claims Act . . . bars actions against the United States for . . . defamation." Brumfield v. Sanders, 232 F.3d 376, 382 (3d Cir. 2000) (citing 28 U.S.C. § 2680(h) and cases from other circuits). Thus, because the FTCA does not waive sovereign immunity with respect to Plaintiff's defamation claim, and "[s]overeign immunity . . . deprives a court of subject matter jurisdiction over a claim against the United States unless a statute, [e.g., the FTCA,] grants an express waiver of immunity," Kielty, 2008 WL at *4 (citations omitted), the Court lacks subject matter jurisdiction over Plaintiff's claim and it is dismissed.

Dated: July 30 , 2007                    /s/ Freda L. Wolfson
                                         Honorable Freda L. Wolfson
                                         United States District Judge